**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **Arthur Almore** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No 3:21CV563 |
| | ) | **TRIAL BY JURY DEMANDED** |
| **Benjamin Harper** | ) | |
| *In his Personal Capacity* | ) | |
| | ) | |
| Serve: **Virginia Beach Police Department** | ) | |
| **2509 Princess Anne Road** | ) | |
| **Virginia Beach, VA 23456** | ) | |
| *Defendant.* | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Arthur Almore, pro se, and files this action against

Defendant Benjamin Harper, in his personal capacity, and in support thereof states as follows:

### INTRODUCTION

1.     This is an action brought pursuant to, *inter alia*, 42 USC §§ 1983, alleging

violation of the First and Fourth Amendments to the Constitution of the United States of

America, and attendant state law claims.

2.     This action arises from the behaviors of Virginia Beach Police Officer,

Benjamin Harper (the "Defendant"), who, while on duty and in uniform, handcuffed and

arrested, Arthur Almore, who was visiting the Virginia Beach waterfront.  The Defendant

stated the reason for the arrest was Mr. Almore refused to provide his identification after

being asked by the Defendant.

3.     Notwithstanding the fact that the Defendant knew prior to arriving on the

waterfront that Mr. Almore had not violated any local ordinance, state law, or federal law.

Upon arrival, the Defendant did not observe Mr. Almore committing an illegal act nor did he

1

receive any information that Mr. Almore had just committed an illegal act. Moreover, Mr.

Almore had requested to speak to the Defendant's supervisor and the Defendant had called

on his radio for his Supervisor to come to the waterfront. After waiting for a considerable

period of time for Defendant's Supervisor, the Defendant requested Mr. Almore's

identification without stating to Mr. Almore the reason for requesting his identification. The

Defendant did not order or demand Mr. Almore provide his identification. The Defendant

never stated Mr. Almore was detained. The Defendant never stated Mr. Almore was under

arrest. Prior to the arrest, the Defendant never stated Mr. Almore would be arrested for

failing to provide identification. When asked for identification, Mr. Almore replied, "I don't

have to show you my identification." The Defendant replied, "I am done with you," and in

one motion and without warning, the Defendant forcibly grabbed Mr. Almore, twisting his

arm behind his back, while simultaneously stating to Mr. Almore, "if you resist I will take

you to the ground." The Defendant handcuffed Mr. Almore as Mr. Almore asked the

Defendant, "what are you doing?" The encounter was witnessed by an employee of the

beach umbrella vendor from Eastern Europe whom Mr. Almore had rented an umbrella from.

The Defendant forcibly removed Mr. Almore from the beach to the boardwalk. At no time

was Mr. Almore belligerent or a threat to anyone.

4.      The encounter between Mr. Almore and the Defendant was recorded on

Defendant's bodycamera.

## VENUE AND JURSIDICTION

5.      This Court has subject matter jurisdiction over the Plaintiffs' Federal

Constitutional claims pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction

over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction to

issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil

Procedure 57.

6.      Venue is proper in the Richmond Division of the Federal District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 127, 1391 and Local Civil Rule 3, as a substantial part of the events giving rise to the claims herein occurred in the City of Virginia Beach, and is thus within the Richmond Division of the United States District Courts for the Eastern District of Virginia.

**PARTIES**

7.      Plaintiff Arthur Almore ("Mr. Almore" or "Plaintiff") a citizen of the United States, a resident of Virginia, and of African American descent.

8.      Defendant Benjamin Harper ("Defendant") is a citizen of the United States, a resident of Virginia, and at all times relevant hereto, he was employed, uniformed, and on duty with the Virginia Beach Police Department and was acting under color of law.

**FACTS**

9.      On or around August 31, 2019, sometime after 1:00 pm, Mr. Almore arrived on the Virginia Beach waterfront with his family.

10.      Prior to August 31, 2019, the Virginia Beach Public Affairs Office released a statement that it was permissible to drone hobbyists to fly on the oceanfront in unrestricted airspace or with appropriate authorization in restricted airspace, with the admonition to ask for permission

11.      On visits prior to August 31, 2019, Mr. Almore was told by a Virginia Beach police officer that drone flights were permissible as long as the drone altitude was below that of the tallest hotel.  On another occasion, Mr. Almore requested permission of the lifeguard on the waterfront which the lifeguard granted, and asked him to fly the drone respectful of citizens in his immediate vicinity.

3

12.    On or about August 31, 2019 after 1:00 pm, Mr. Almore requested permission to fly a drone of the lifeguard in his vicinity as he had done on previous visits to the Virginia Beach oceanfront. The lifeguard rudely replied no. Mr. Almore asked the lifeguard why he was denied permission, to which the lifeguard had no answer. Mr. Almore asked for his supervisor.

13.    Shortly thereafter, a female lifeguard driving a utility vehicle on the waterfront arrived. She affirmed what the lifeguard had said, drone flying was not permitted, but could not state what the rationale for the prohibition or who informed her of the rule. Mr. Almore asked for her supervisor which irritated her. She radioed someone and informed him that a Virginia Beach police officer was on the way. Mr. Almore provided the City of Virginia Beach Public Affairs Office statement to the lifeguard which she read on his cellphone.

14.    The Defendant arrived sometime later and reiterated what the lifeguards had said. The Defendant also could not provide any authority for prohibiting drone flights. Mr. Almore informed him of the statement posted by the City of Virginia Beach Public Affairs Office and handed his cellphone to the Defendant so he could read it. Mr. Almore asked for the Defendant's Supervisor. Shortly thereafter, the Defendant stated his Supervisor was on the way.

15.    It was extremely hot on the oceanfront and the Defendant was sweating profusely in his uniform and flack vest and somewhat agitated by Mr. Almore's request for his supervisor.

16.    After waiting for a considerable time, the Defendant asked Mr. Almore for identification. Mr. Almore replied, "I don't have to provide you my identification."

17.    The defendant assaulted Mr. Almore, aggressively handcuffed him, and

4

threatened to take him to the ground. Without justification or provocation, the Defendant removed Mr. Almore from the beach to the boardwalk in handcuffs which were deliberately applied by the Defendant in an excessively tight manner to cause injury to Mr. Almore.

## DAMAGES

18. As a direct and proximate cause of the Defendant's actions, Mr. Almore suffered the following:

    a. Bodily injury from the effects of the handcuffing and other physical touching.

    b. Injury to his clearly established constitutional rights.

    c. Past, present, and future physical pain and suffering from the effects of the handcuffing and other physical touching.

    d. Past, present, and future mental anguish and damages from the initial incident as well as the lingering effects of fear and mental anguish.

    e. Humiliation and embarrassment from being detained and battered on the oceanfront side in a public space as well as having to tell his family about the incident.

    f. Actual deterrence from exercising his First Amendment rights.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEIZURE
### Seeking Declaratory Relief, and Compensatory and Punitive Damages
### Against the Defendant

19. Mr. Almore repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint by reference or incorporation as if fully set forth herein.

20. The Defendant seized Mr. Almore and placed him in a full custodial arrest using

5

force and words that a reasonable person would have been afraid to ignore by, *inter alia*, assaulting and placing him in handcuffs.

21.     Any detention became unlawful when the Defendant assaulted and handcuffed Mr. Almore without suspecting him of a crime, observing any suspicious activity, or being in fear of his safety.

22.     Thus, Mr. Almore is entitled to compensatory damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 against the Defendant for his violation of Mr. Almore's clearly established Fourth Amendment right to be free of illegal and unreasonable seizures.

23.     Further, the circumstances demonstrate that the Defendant's actions were done intentionally, maliciously, and in a manner demonstrating a callous indifference to Mr. Almore's protected rights.  Therefore, the Defendant is liable to Lt. Nazario for punitive damages for the unreasonable seizure.

## COUNT II – VIOLATION OF THE FOURTH AMENDMENT – EXCESSIVE FORCE
### Seeking Declaratory Relief, and Compensatory and Punitive Damages
### Against the Defendant

24.     Mr. Almore repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint by reference or incorporation as if fully set forth herein.

25.     The Defendant directly deployed force that was objectively unreasonable against Mr. Almore under the circumstances, by, *inter alia*, grabbing him, and placing him in handcuffs.

26.     At the time that the Defendant used this force on Mr. Almore, he lacked probable cause to believe that he had committed *any* crime, and they lacked even a reasonable articulable suspicion that Mr. Almore had committed any crime. Mr. Almore was not charged

6

with any crime.

27.     At the time that the Defendant used this force on Mr. Almore he had *at least* scienter that the Mr. Almore was dressed in shorts and a t-shirt and had a small bag on his back too small to carry a drone, and saw not drone in the possession of Mr. Almore.  In fact Mr. Almore did not possess a drone on the beachfront at the time of his arrest.

28.     At the time that the Defendant used this force on Mr. Almore, Mr. Almore had given the Defendant no signals, taken no actions, or made threats, nor done anything that would have led a reasonable person to believe that Mr. Almore posed a threat to the Defendant. Mr. Almore requested the Defendant's Supervisor, waited for an extended period of time with the Defendant for his Supervisor to arrive, and gave possession of his cellphone to the Defendant for him to read the City of Virginia Beach Public Affairs Office statement on flying drones on the oceanfront. Quite the contrary, by remaining courteous and calm, a reasonable person and officer would have believed that Mr. Almore was courteous and respectful.

29.     Thus, Mr. Almore is entitled to compensatory damages, costs, and attorney's feespursuant to 42 U.S.C. § 1983 and 1988 against the Defendant for their violation of Mr. Almore's clearly established Fourth Amendment right to be free of excessive force.

30.     Further, the circumstances demonstrate that the Defendant's actions were done intentionally, maliciously, and in a manner demonstrating a callous indifference to Mr. Almore'sprotected rights. Therefore, the Defendant is liable to Mr. Almore for punitive damages for his objectively unreasonable use of force.

<u>**COUNT III – VIOLATION OF THE FIRST AMENDMENT**</u>
**Seeking Compensatory and Punitive Damages**
**Against the Defendant**

31.     Mr. Almore repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint by reference or incorporation as if fully set forth

7

herein.

32.    The City of Virginia Beach's Public Affairs Office acknowledges citizens may engage in First Amendment activity, photography and videography, on the beachfront.

33.    Contrary to these rights, the Defendant engaged in conduct which prevented him from engaging in this activity for fear of arrest.

34.    This action in an attempt to preclude First Amendment activity would deter a person of ordinary firmness similarly situated to the plaintiff in the exercise of First Amendment rights. In fact, Mr. Almore's First Amendment activity was chilled, he has experienced heightened fear and anxiety regarding any decision about whether to exercise his First Amendment to engage in photography and videography in accordance with federal regulations.

35.    Thus, Mr. Almore is entitled to compensatory damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 jointly and severally against the Defendant for his violation of Mr. Almore's clearly established First Amendment rights.

36.    Further, as the Defendant's conduct was taken to silence Mr. Almore and to coverup his knowingly illegal conduct violating Mr. Almore's clearly established rights, and was done intentionally, maliciously, and in a manner demonstrating a callous indifference to Mr. Almore's protected rights. Thus, the Defendant is liable to Mr. Almore for punitive damages for the violations of Mr. Almore's clearly established First Amendment rights.

### COUNT IV – Common Law Assault,
#### Seeking Compensatory and Punitive Damages
#### Against the Defendant

37.    Mr. Almore repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint by reference or incorporation as if fully set forth herein.

38.     This is a claim for common law assault against the Defendant.

39.     The Defendant knowingly, willfully and wantonly, intentionally, directly and/or by being present and explicitly encouraging such behavior, assaulted Mr. Almore by, *inter alia*, grabbing him and handcuffing him.

40.     Mr. Almore was aware of each of these actions, and prior to and as a result of such contact, each put him in reasonable fear of the forthcoming batteries.

41.     In each instance, the Defendant acted with *at least* scienter that his actions were likely to place Mr. Almore in reasonable fear of an imminent physical battery, and such actions were designed to elicit such a reaction from Mr. Almore.

42.     In each instance, the Defendant lacked any legal justification or excuse for his conduct. And under these circumstances, the Defendant is not entitled to sovereign immunity. Further, as assault is an intentional tort, the doctrine of sovereign immunity does not apply.

43.     These actions were the legal and proximate cause of Mr. Almore's damages as complained of herein and thus Mr. Almore is entitled to compensatory damages for common-law assault.

44.     Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr. Almore's rights, and thus punitive damages for common-law assault are warranted.

## COUNT V – Common Law Battery,
### Seeking Compensatory and Punitive Damages
### Against the Defendant

45.     Mr. Almore repeats and re-alleges the allegations set forth in the precedingparagraphs of the Complaint by reference or incorporation as if fully set forth herein.

46.     This is a common law claim of battery against the Defendant.

9

47.    The Defendant, either directly or via their presence and encouragement, intentionally touched Mr. Almore by, *inter alia*, grabbing him, and placing Mr. Almore in handcuffs.

48.    The Defendant's touching of Mr. Almore was harmful, offensive, excessive and disproportionate, and conducted without lawful justification or excuse.

49.    At no time during these batteries was Mr. Almore combative or presenting such a threat to the Defendant such as to warrant such violence and harmful and offensive touchings.

50.    As a direct and proximate cause of the Defendant's battery of him (either directly or by their presence and encouragement), Mr. Almore suffered damages as described herein, and therefore, the Defendant is liable to Mr. Almore for compensatory damages for the common law tort of battery.

51.    Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr. Almore's rights, and thus punitive damages for common-law tort of battery are warranted.

### COUNT VI – Common Law False Imprisonment,
### Seeking Compensatory and Punitive Damages
### Against the Defendant

52.    Mr. Almore repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint by reference or incorporation as if fully set forth herein.

53.    This is a claim for common law false imprisonment.

54.    The Defendant seized Mr. Almore without legal justification or excuse, and/or failed to release Mr. Almore after it became apparent he lacked probable cause or a reasonable articulable suspicion sufficient to provide legal justification or excuse for such continued seizure,

which amounted to a full custodial arrest.

55.     At all times relevant herein, the Defendant acted with the intention of confining Mr. Almore within fixed boundaries, and his conduct directly or indirectly resulted in such confinement, and Mr. Almore was aware of such the confinement.

56.     The Defendant imposed by force and threats of force this unlawful restraint upon Mr. Almore's freedom of movement by, *inter alia*, grabbing Mr. Almore, and placing Mr. Almore in hand cuffs.

57.     At no time during these actions did the Defendant inform Mr. Almore that he was free to leave, and under the circumstances, no reasonable person would have believed that he or she was free to leave, effectively limiting Mr. Almore's free movement under the auspices of unfounded legal authority.

58.     At the time of this continuing detention, the Defendant knew or should have known that they neither had a reasonable articulable suspicion or probable cause to believe that Mr. Almore had committed any crime or posed any danger to the Defendant or any other person.

59.     In restricting Mr. Almore's freedom of movement in such a manner, the Defendant acted intentionally, willfully, maliciously, and recklessly.

60.     As a direct and proximate cause of the Defendant's battery, Mr. Almore suffered damages as described herein, and therefore, the Defendant is liable to Mr. Almore for compensatory damages for the common-law tort of false imprisonment.

61.     Further, these actions were taken under circumstances that amount to *at least* a willful and wanton disregard for Mr. Almore's rights, and thus punitive damages for common-law tort of false imprisonment are warranted.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the above premises considered, Plaintiff respectfully prays that this Honorable Court:

(1) Enter judgment against the Defendant jointly and in favor of Arthur Almore for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00), or such amounts as a jury may award for the violations of Counts I through VIII as complained of herein.

(2) Enter judgment against the Defendant in favor of Arthur Almore for compensatory and punitive damages in such amounts as a jury may determine for the violations of Counts I through VIII as complained of herein.

(3) Declare that the Defendant's actions violated Mr. Almore's clearly established First and Fourth Amendment Rights as complained of in Counts I, II, III, and IV.

(4) Declare that the Defendants have committed malfeasance in office pursuant to Virginia Code § 19.2-59 for their violation as described in Count VIII.

(5) Mr. Almore's reasonable costs, expenses, and attorneys' fees as provide by, *inter alia* 42 U.S.C. § 1988 and its attendant case law.

(6) Pre- and post-judgment interest, and

(7) Any such further relief as this Court deems warranted.


**Respectfully submitted,**

By: _Arthur Almore_

*Pro Se*

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__RICHMOND__ DIVISION

_Arthur Almore_
_____
Plaintiff(s),

v.

_Benjamin Harper_
_____
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _____ _Complaint_ _____
(Title of Document)

_Arthur Almore_
_____
Name of *Pro Se* Party (Print or Type)

_[signature]_
_____
Signature of *Pro Se* Party

Executed on: _31 August 2021_ (Date)

**OR**

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)